08-1575-pr
Contino v. United States of America

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

August Term, 2007

(Submitted: July 15, 2008                                        Decided: July 24, 2008)

Docket No. 08-1575-pr

_____

JOHN CONTINO,

*Petitioner-Appellant,*

— v. —

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

_____

Before:

CALABRESI, STRAUB, and B.D. PARKER, *Circuit Judges*:

_____

John Contino moves for a certificate of appealability ("COA") in his appeal from the entry of an order of the United States District Court for the Southern District of New York (Buchwald, *J.*) denying his 28 U.S.C. § 2255 motion to vacate his guilty plea and sentence. The Government moves to dismiss the appeal for lack of jurisdiction, arguing that his notice of appeal was untimely filed. Because we find that we have jurisdiction over Contino's appeal, we deny the Government's motion to dismiss. However, we also deny Contino's motion for a COA and dismiss the appeal because

Contino has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

JEREMY GUTMAN,
New York, NY,
*for Petitioner-Appellant*

JASON P.W. HALPERIN,
United States Attorney's Office for the Southern
District of New York,
New York, NY
*for Respondent-Appellee*.

**PER CURIAM:**

In August 2007, John Contino, through counsel, filed a 28 U.S.C. § 2255 motion to vacate his guilty plea and sentence, alleging that he had received ineffective assistance of counsel and that his plea was not voluntary and intelligent because his trial counsel failed to give him sufficient advice and information. The district court denied the § 2255 motion, and this appeal followed. In addition to seeking a COA on those two claims, Contino argues that the district court erred by not holding an evidentiary hearing on the issue of whether his trial counsel explained the elements of the RICO offense to him. We assume the parties' familiarity with the underlying facts and procedural history of the case.

**THE MOTION TO DISMISS**

In a civil case in which the United States or an officer or agency thereof is a party, Federal Rule of Appellate Procedure 4(a)(1) and 28 U.S.C. § 2107 require the appellant to file a notice of appeal within 60 days of the entry of the judgment or order being appealed. In *Bowles v. Russell*, the United States Supreme Court made "clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." 127 S. Ct. 2360, 2366 (2007).

The order denying Contino's § 2255 motion was entered on December 28, 2007 and, thus, Contino had until Tuesday, February 26, 2008 to timely file a notice of appeal. *See* Fed. R. App. P. 4(a)(1)(B). The parties do not dispute that Contino attempted to file a timely notice on January 24, 2008, which was rejected because it was filed electronically.[*] *See* S.D.N.Y. Third Amended Instructions for Filing an Electronic Case or Appeal ¶ 6 (directing parties in electronically filed cases to "[f]ile the appeal in the traditional manner, on paper"). Contino did not file a notice of appeal on paper until April 1, 2008, well after the 60-day deadline had passed.

This Court has not yet addressed whether a notice of appeal should be considered timely if a party attempted to file it within the required time-frame, but it was rejected by the clerk for failure to comply with a local rule. Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution. *See United States v. Yonkers Bd. of Educ.*, 747 F.2d 111, 112 (2d Cir. 1984). In *Somlyo v. J. Lu-Rob Enterprises, Inc.*, this Court held that compliance with local rules was a prerequisite for timely filing a notice of removal, but found that district courts had the inherent authority to decide when a party's failure to comply with a local rule could be excused. 932 F.2d 1043, 1048 (2d Cir. 1991) (party attempted to file notice of removal within statutory 30-day time period, but notice rejected by the clerk because it lacked the cover sheet and backing required by local rule). The Court later extended this holding and found that district courts could excuse a party's failure to "comply with rules enforced by its local electronic case filing system." *Phoenix Global Ventures, LLC v. Phoenix Hotel*

---

[*]The docket entry for January 24, 2008 states: "FILING ERROR - ELECTRONIC FILING FOR NON-ECF DOCUMENT - NOTICE of Appeal. Document filed by John Contino. (Gutman, Jeremy) Modified on 4/1/2008 (jar). (Entered: 01/24/2008)."

*Assocs., Ltd.*, 422 F.3d 72, 76 (2d Cir. 2005) (affirming district court's finding that motion was timely filed after first two attempts to electronically file motion within the required time period were rejected by electronic case filing system).

The Seventh Circuit, in a criminal case, addressed facts similar to those in the instant matter. *See United States v. Harvey*, 516 F.3d 553 (7th Cir. 2008). In *Harvey*, the appellant electronically filed a timely notice of appeal; however, because local rules required that the notice of appeal be filed on paper, the filing was rejected by the clerk's office and the appellant did not file the paper notice of appeal until two months later, well after the deadline had passed. *See id.* at 555-56. The Seventh Circuit found that, despite the clerk's rejection of the timely notice, it had jurisdiction to hear the appeal because Fed. R. Civ. P. 5(e) "ensures that any document presented to the clerk in violation of a local rule of form can nonetheless be filed for purposes of satisfying a filing deadline."** *Id.* at 556. The court determined that "the difference between a hard copy and an electronic submission is a mere error of form" and held that the appellant "timely filed his notice of appeal when he submitted it electronically to the clerk's office." *Id.*

The reasoning of the Seventh Circuit is persuasive. Current Rule 5(d)(4), former Rule 5(e), states, "The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." Moreover, Rule 83(a)(2) prohibits the enforcement of a local rule regulating the form of a filing if its enforcement would cause a party to lose a right and the party's non-compliance with the rule was not willful. Here, there is no indication that Contino's

---

** The 2007 amendments to the rules restyled Rule 5, and former section 5(e) is now encompassed within 5(d). The commentary states that the changes were intended to be only stylistic. *See* Fed. R. Civ. P. 5 and 2007 commentary.

4

failure to submit the notice of appeal on paper was willful and, if the local rule is enforced, Contino would lose the right to appeal.

Although portions of *Somlyo* appear to be contrary, it was decided in May 1991, before the relevant language was added to Rules 5 and 83. Rule 83(a)(2) was added in the 1995 amendments and the accompanying commentary stated that it was intended "to protect against loss of rights in the enforcement of local rules relating to matters of form." Likewise, the relevant portion of Rule 5 was added in the 1991 amendments, effective December 1, 1991. The accompanying commentary noted that some local rules directed the clerk to refuse to accept papers that did not meet "certain requirements of form imposed by local rules or practice" and stated that "[t]his is not a suitable role for the office of the clerk, and the practice exposes litigants to the hazards of time bars; for these reasons, such rules are proscribed by this revision." Thus, the Federal Rules of Civil Procedure indicate that Contino should not lose his right to appeal because of an error in the form of the notice of appeal. This conclusion is consistent with the treatment of notices of appeal which the appellant failed to sign, another type of defect in form. In those situations, the failure to sign may be remedied after the time period for filing the notice has expired. *See Becker v. Montgomery*, 532 U.S. 757, 768 (2001). Accordingly, Contino's notice of appeal is considered to have been timely filed on January 24, 2008, and the motion to dismiss the appeal for lack of jurisdiction is denied.

**THE MOTION FOR A CERTIFICATE OF APPEALABILITY**

This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In appeals under § 2255, this Court reviews factual

findings for clear error and questions of law *de novo*. *See Zhang v. Unites States*, 506 F.3d 162, 166 (2d Cir. 2007) (citing *Harris v. United States*, 367 F.3d 74, 79 (2d Cir. 2004)).

A claim of ineffective assistance of counsel is analyzed under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). *See United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001). Under *Strickland*, a petitioner must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. 466 U.S. at 688, 694. Here, Contino has not made a substantial showing that he received ineffective assistance of counsel or that his plea was not voluntary or intelligent. Contino was on notice about the nature of the charges against him through the detailed indictment, the written (and signed) plea agreement, and the terms of his allocution at the plea proceeding. Moreover, the Government's attorney made clear at the plea proceeding that the RICO offense entailed a "pattern" of racketeering activity, and that the extortion acts involved the procurement of consent to take another's property through the use of fear. Furthermore, the district court did not abuse its discretion in declining to hold an evidentiary hearing on the issue of whether Contino's trial counsel explained the RICO offense elements to him because Contino did not demonstrate a colorable claim of ineffective assistance. *See Chang v. United States*, 250 F.3d 79, 82, 84-85 (2d Cir. 2001) (finding no abuse of discretion where district court denied, without a hearing, § 2255 motion alleging ineffective assistance of counsel, following submissions of petitioner and his counsel that demonstrated petitioner was not entitled to relief). Accordingly, the COA motion is denied and the appeal is dismissed.