**Kirk WILLIAMS, Petitioner–Appellant,**

v.

**William PHILLIPS, Green Haven Correctional Facility; Andrew Cuomo, New York State Attorney General, Respondents–Appellees.**

No. 07–2790–pr.

United States Court of Appeals, Second Circuit.

Oct. 27, 2008.

Sheilah Fernandez (Steven Banks, on the brief), The Legal Aid Society, New York, N.Y., for Appellant.

Donna Aldea, Assistant District Attorney (Richard A. Brown, District Attorney, on the brief, John M. Castellano, Assistant District Attorney, of counsel), Queen's County, Kew Gardens, N.Y., for Appellees.

Present: JOSEPH M. McLAUGHLIN, PIERRE N. LEVAL, and ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Kirk Williams appeals from a June 13, 2007 judgment dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated pursuant to an April 27, 2000 judgment of the Supreme Court of the State of New York, Queens County, convicting him, after a jury trial, of two counts of robbery in the first degree, three counts of robbery in the second degree, two counts of assault in the first degree, and criminal possession of a weapon in the fourth degree. He has been sentenced to an aggregate prison term of 27 years. Petitioner argues that his trial counsel rendered ineffective assistance under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review de novo a district court's decision to deny a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Messiah v. Duncan,* 435 F.3d 186, 196 (2d Cir.2006). The Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA) provides for a deferential standard of review of any claim that was "adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d). The parties dispute whether the New York state courts adjudicated petitioner's claim "on the merits." We apply the pre-AEDPA standard of review without reaching this issue because the outcome of the case would be the same under either standard. *See Messiah,* 435 F.3d at 197–98.

Petitioner argues that his trial counsel rendered ineffective assistance by suggesting to the jury that petitioner was a gang member during voir dire, allowing evidence of petitioner's alleged gang affiliation to come out at trial, failing to prepare petitioner and another defense witness to testify, failing to object to certain statements by the prosecutor, failing to impeach prosecution witnesses with a police report, and delivering an incoherent summation.

To prevail on a claim of ineffective assistance of counsel under *Strickland,* a petitioner must demonstrate both that "(1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Contino v. United States,* 535 F.3d 124, 128 (2d Cir.2008) (citing *Strickland,* 466 U.S. at 688, 694, 104 S.Ct. 2052).

 Assuming, arguendo, that all of the deficiences identified by petitioner in counsel's performance suffice to meet the first prong of the *Strickland* test, the cumulative effect of these errors is not sufficient to undermine our confidence in the outcome of the trial. Petitioner's argument amounts to the claim that counsel incompetently turned a simple mistaken-identity case into a case of gang violence. But even if no intimation of any gang involvement had been made at trial, we cannot conclude that "there is a reasonable probability that ... the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

The prosecution's case hinged on the credibility of the testimony of the complaining witnesses, brothers Adam and Olaf Williams, who identified petitioner as one of their attackers. The brothers testified that they were the victims of a robbery and assault that occurred on the stairs of a subway station in Queens, New York. Prior to the crime, the brothers had been shopping for gold medallion necklaces at a jewelry stand at the nearby Coliseum Mall. Both brothers testified that they saw petitioner at the Coliseum Mall while they were shopping, and that petitioner, along with a group of men, followed them to the subway station.

Both brothers also testified that they were in plain view of one another and petitioner during the attack, and that petitioner slashed Olaf Williams' face with a knife. Adam Williams identified petitioner on the street on the night of the assault. Olaf Williams testified that during the assault, he stood face-to-face with petitioner who was holding a blade in his hand. At the hospital, Olaf Williams identified a chain that was recovered from petitioner as the one he had bought at the Coliseum Mall, based on its distinctive "small grooves." Olaf Williams also identified petitioner at trial.

Petitioner's alibi witnesses either did not account for his whereabouts during the entire time period in question, or offered accounts of the events that contradicted defendant's testimony or statements made to investigators after the incident. No amount of pre-trial witness preparation could have remedied these deficiencies in petitioner's case. Even if defense counsel had introduced a police report that stated

that one of the Williams brothers had identified petitioner as an attacker, but identified an "unknown" perpetrator as the individual who cut Olaf Williams with a knife, that report would not have exonerated defendant under the prosecution's acting-in-concert theory.

We have considered petitioner's remaining arguments, individually and in the aggregate, and find that they are without merit.

Accordingly, the judgment of the district court hereby is AFFIRMED.