Geraldo GARCIA, Defendant–Appellant,

v.

UNITED STATES of America, Appellee.

No. 07–4476–cr.

United States Court of Appeals, Second Circuit.

Aug. 11, 2009.

B. Alan Seidler, New York, NY, for Appellant.

Anirudh Bansal, Eric Snyder, Kevin R. Puvalowksi, Assistant United States Attorneys, for Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: DENNIS JACOBS, Chief Judge, JOSÉ A. CABRANES, Circuit Judge.*

---

\* The Honorable Sonia Sotomayor, originally a member of the panel, was elevated to the Supreme Court on August 8, 2009. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. 46(d); Local Rule 0.14(2); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

722

Defendant–Appellant Geraldo Garcia appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York (Rakoff, *J.*) on August 31, 2007. Garcia pleaded guilty to one count of conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. Garcia was sentenced principally to 240 months' incarceration. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Garcia contends (i) that his sentence was unreasonable, and (ii) that he received ineffective assistance of counsel. We affirm the judgment of conviction of the district court.

■ **[1]** We review Garcia's sentence for reasonableness, but that "does not entail the substitution of our judgment for that of the sentencing judge." *United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir.2006). Rather, "the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions." *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007); *see also Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007) ("appellate 'reasonableness' review merely asks whether the trial court abused its discretion"). This abuse-of-discretion standard applies whether the sentence imposed falls "inside or outside the Guidelines range." *Gall,* 128 S.Ct. at 596. When considering a sentence outside the Guidelines range, the appellate court reviews the totality of the circumstances and "may consider the extent of the deviation [from the Guidelines], but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at

597. While the Guidelines therefore provide "the starting point and the initial benchmark" for the district court, *id.* at 596, they do not usurp the district court judge's "superior position to find facts and judge their import under § 3553(a)." *Id.* at 597 (internal quotations omitted).

We cannot conclude that the district court abused its discretion here. The district judge explored and fully considered Garcia's submissions during the course of the *Fatico* hearing; he also considered the § 3553(a) factors. After this exhaustive review, he imposed a sentence that was lower than the adjusted Guidelines range (*i.e.,* a range that was adjusted based on his factual findings with respect to the offense level calculation as a result of the *Fatico* hearing). And, he observed before imposing sentence that "I do take account, for what it's worth, of the point made . . . regarding the family situation and that it may have been part of the motivation for what Mr. Garcia did." There was no abuse of discretion.

■ ■ Garcia also raises an ineffective assistance of counsel claim. To prevail on this claim, a petitioner must demonstrate that: "(1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Contino v. United States,* 535 F.3d 124, 128 (2d Cir.2008) *(citing Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). To show that counsel's performance was objectively unreasonable, a defendant must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.

Garcia cites his lawyer's absence from a meeting with the United States Probation Office, but he fails to show why this absence constituted ineffective assistance or how he was prejudiced by it. The PSR reflects that there was a meeting with Probation on December 9, 2005 without an attorney present but that Probation "did not question the defendant about the instant offense" at that meeting. An addendum to the PSR reflects that Probation had further contact with the defendant and his counsel, and that the PSR was amended in response to objections. As amended, "[t]he defense attorney ha[d] no objections" to the PSR, including the discussion of the offense contained therein. Under these circumstances, Garcia's claim that his attorney was not involved in the PSR preparation process has no merit and he cannot show he was prejudiced.

Garcia also contends that his lawyer erred by requesting the *Fatico* hearing, but the record indicates that the hearing was prompted by the government's objections to the PSR's conclusions, including an objection as to Garcia's eligibility for safety valve relief.

As to Garcia's challenges based on his lawyer's promise of a reduced sentence and failure to prepare Garcia to testify, there is simply nothing in the record to support the allegations. Instead, the transcript indicates that the "increased" sentence was the result of Garcia's own perjury and other misconduct.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.