SUMMARY ORDER

Appellants Ruth E. Buck and Donald Buck (“the Bucks”), proceeding pro se, appeal the district court’s dismissal of their complaint. The Bucks argue, inter alia, that the district court erred in finding that they had failed to comply with Northern District of New York Local Rule 7.1 (“Local Rule 7.1”) and granting summary judgment on their obstruction of easement claim against Thomas Libous and Frances Libous (“the Libouses”) after deeming the Libouses’ statement of material facts admitted. The Libouses argue, inter alia, that the district court properly applied Local Rule 7.1. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
We review de novo orders granting summary judgment, and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. See Mil *662 ler v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003). We are required to resolve all ambiguities and draw all inferences in favor of the nonmovant. See Nationwide Life Ins. Co. v. Bankers Leasing Assoc., 182 F.3d 157, 160 (2d Cir.1999).
As a preliminary matter, we note that the only remaining claim on appeal is the Bucks’ obstruction of easement allegation. Moreover, as the Bucks’ brief concerns solely the district court order granting summary judgment on the obstruction of easement claim against the Libouses, the Bucks have waived any argument that the district court erred in denying this claim against other defendants. See, e.g., Norton v. Sam’s Club, 145 F.3d 114, 117 (2d Cir.1998).
We accord “considerable deference” to a district court’s interpretation and application of its own local rule, and review such rulings for abuse of discretion. See LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir.1995). Local Rule 7.1 requires, in relevant part, that a party opposing a motion for summary judgment file a response that mirrors the movant’s statement of material facts, admits or denies each of the movant’s assertions in matching numbered paragraphs, and supports denials with specific citations to the record.
Here, although the Bucks’ response perhaps did not “mirror” the Libouses’ statement of material facts, it did list specific paragraphs and express opposition to the facts asserted therein, particularly those facts relating to the location of the easement and right of way. Further, although the Bucks may not have provided specific citations to the record in their response, they included affidavits that supported then* counter-assertions of fact. Accordingly, the Bucks plainly intended to controvert assertions raised in the Libouses’ statement of material facts, and supported them own assertions with relevant documents.
In addition, Fed.R.Civ.P. 83 provides that a “local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply.” See Fed.R.Civ.P. 83; see also Contino v. United States, 535 F.3d 124, 127 (2d Cir.2008). In this case, the record provides no indication that the Bucks willfully failed to comply with Local Rule 7.1, and enforcement of this rule would cost them their right to present this claim to a jury. See Nationwide Life Ins. Co., 182 F.3d at 160 (‘We have long recognized that summary judgment is a drastic device, since its prophylactic function, when exercised, cuts off a party’s right to present his case to the jury.”)(internal quotation marks omitted). Indeed, the Bucks provided a separate “Statement of Material Fact” section that specifically contested paragraphs 19 and 60 of the Libouses’ statement of facts — the two facts that the district court found to be dispositive.
Accordingly, given the Bucks’ response, their pro se status, and Fed.R.Civ.P. 83, the district court abused its discretion in finding that the Bucks failed to comply with Local Rule 7.1, and deeming the Li-bouses’ statement of material facts admitted. Further, the location of the easement and right of way is a disputed issue of material fact, and it was therefore inappropriate to grant summary judgment on the Bucks’ obstruction of easement claim against the Libouses.
We need not decide whether the Bucks’ prior sworn allegations in an unrelated case contradict the prior testimony of Richard Buck, as this would not necessarily preclude the Bucks from raising a material issue of fact regarding their obstruction of easement claim.
*663 We have considered all remaining claims and find them to be without merit.
For the foregoing reasons, the judgment of the district court is hereby VACATED and REMANDED in part and AFFIRMED in part.