10-1212-ag
Wang v. Holder

BIA
Nelson, IJ
A099 930 567/568

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of March, two thousand eleven.

PRESENT:
      DENNIS JACOBS,
         *Chief Judge*,
      ROBERT A. KATZMANN,
      DENNY CHIN,
         *Circuit Judges*.

_____

SHENGHUA WANG, WEIGUANG LIU,
      *Petitioners*,

      v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent*.

10-1212-ag
NAC

_____

FOR PETITIONER:    Guang Jun Gao, Flushing, N.Y.

FOR RESPONDENT:    Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Christina Bechak Parascandola, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED.

Shenghua Wang and Weiguang Liu, natives and citizens of China, seeks review of a March 5, 2010, decision of the BIA affirming the July 15, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied Shenghua Wang's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"), on which Weiguang Liu was named as a derivative beneficiary. *In re Shenghua Wang*, *Weiguang Liu,* Nos. A099 930 567/568 (B.I.A. Mar. 5, 2010), *aff'g* Nos. A099 930 567/568 (Immig. Ct. N.Y. City July 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Manzur v. DHS*, 494 F.3d 281, 289 (2d Cir. 2007).

2

As a preliminary matter, the Respondent's motion to dismiss the petition for review for lack of jurisdiction under 8 U.S.C. § 1252(b)(1) will be denied because we deem the petition for review timely filed. *See Contino v. United States*, 535 F.3d 124, 127 (2d Cir. 2008) (declining to conclude that an electronically filed notice of appeal was untimely despite the appellant's failure to comply with a local rule mandating that the notice be filed by physical mail). Petitioners' counsel should take note that Second Circuit Local Rule 25.1(d) sets forth the proper procedure for filing initiating documents, including petitions for review.

Because the agency failed to consider material evidence supporting Wang's claim, we grant the petition for review and remand the case to the agency. The IJ's adverse credibility determination was based in large part on the perceived inconsistencies in Wang's testimony regarding her first marriage and the child she claimed she and her first husband had together, in conjunction with the lack of corroborating evidence showing that the first marriage did occur, and that a child resulted from the marriage. The inconsistency that the IJ pointed to as casting doubt on

whether Wang had in fact previously been married and whether she had a child in 1988 came from two exchanges during Wang's testimony on direct examination.  The first exchange concerned whether Wang had any children:

```
Q.   Okay.  And are you married to the gentleman who is
     in the court?
A.   Correct.
Q.   Can you identify him by name please?
A.   Liu Wei Guang.
Q.   When did you marry?
A.   We were married on June 4th, 1998.
Q.   Were you married in China?
A.   Yes.
Q.   Do you have any children?
A.   No.
Q.   Does your husband have any children?
A.   My ex-husband, we had a daughter.
Q.   Okay, so you do have a child with a prior
     marriage.
A.   Correct, correct.
Q.   What's her name?
A.   Qua Ray.
Q.   And when was she born?
A.   She was born on July 16th, 1988.
Q.   When did you divorce?
A.   I was divorced on May 4th, 1995.
```

The second exchange concerned how many times Wang had been pregnant:

```
Q.   Could you tell us the reason that you're asking
     for asylum in the U.S.?
A.   In China I suffered two times persecution.  Two
     pregnancies, two persecutions.    Right.
Q.   How were you persecuted, in what way?
A.   Well the first time when I was pregnant, they
     forced me to have an abortion.
Q.   And when did that happen?
A.   On the first time, the first pregnancy was in
```

4

1998. That's when I first, just got married.

The IJ found, based on this testimony, that "[Wang's] consistently forgetting the fact that she had the pregnancy in '87 or '88, and that she had a daughter . . . is the serious inconsistency in the evidence." When taken in context, however, the testimony does not support the IJ's determination that there was a serious inconsistency. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) ("[W]e will reverse where the adverse credibility determination is based upon . . . an incorrect analysis of the testimony."). In the first exchange, based on the prior questions, Wang interpreted the question "[d]o you have any children?" as asking whether she and her second husband had any children together, and after answering "no," in response to the next question, she immediately clarified that she and her ex-husband did have a daughter together. In the second exchange, it seems clear that Wang was testifying as to how she had been persecuted; that is, she had two pregnancies that ended in forced abortions. In the context of the questions asked, Wang's testimony was not that she had gotten pregnant for the first time ever in 1998, but rather that the first pregnancy that ended in abortion occurred in 1998.

5

The IJ further found that Wang "offered no evidence to establish that she, in fact, gave birth to a child. She has not offered any evidence that she had a prior marriage." However, one document that Wang offered as evidence, and the IJ marked as exhibit 8, was an "Only Child Preferential Treatment Certificate." This certificate indicates a date of issue of August 23, 1988, and states that ShengHua Wang and KeGang Huang are the parents of Lei Huang, a female born on July 16, 1988. It is unclear from the record whether the IJ specifically considered this exhibit. Although the IJ noted that Petitioners offered an "only child preferential treatment certificate issued to the wife," the IJ did not indicate what weight, if any, she gave to this document, nor did she discuss its content. The IJ did discuss the household register, which indicates a date of issue of May 12, 1998, and provides that Lei Huang, born July 16, 1988, is the daughter of ShengHua Wang, but concluded that the document was insufficient to show that Wang had given birth to a daughter.

Although Petitioners explicitly cited the only child certificate on appeal to the BIA, the BIA found that the record supported the IJ's conclusion that Wang failed to offer evidence of either her prior marriage or that the

claimed marriage resulted in her giving birth to a daughter in 1988.  The BIA agreed that the household register was insufficient corroboration,[1] but did not acknowledge the only child certificate.  The BIA based its affirmance of the adverse credibility determination entirely on the perceived discrepancies in Wang's testimony as to how many times she had been pregnant and given birth, and the perceived lack of evidence corroborating Wang's claim of a first marriage and daughter born in 1988.  The BIA also found, pursuant to its *de novo* review, that in the absence of corroborating evidence Wang failed to meet her burden of proof, irrespective of the IJ's credibility finding.

In light of the problems with the inconsistency finding and there being no indication that the agency considered the only child certificate, the agency's finding that Wang was not credible as to the existence of a daughter born in 1988 is flawed.  *See Delgado v. Mukasey*, 508 F.3d 702, 705 (2d Cir. 2007) (the substantial evidence standard "requires a certain minimum level of analysis from the IJ and BIA, as well as some indication that the IJ considered material evidence supporting a petitioner's claim." (internal quotes

[1] Despite the BIA's statement, the household registry does include the daughter's date of birth and place of birth.  The listed date of birth matches the date of birth listed on the only child certificate, and testified to by Wang.

omitted)).

The IJ also based her adverse credibility determination on the lack of evidence submitted by Wang supporting the proposition that having a child with her second husband would be in violation of China's family planning policy. If the IJ were to find that Wang did have a daughter in 1988, such a conclusion might affect her finding regarding demonstrating a violation of the family planning regulations, as it is unclear if the IJ's finding on that point was based on an assumption that Wang did not have a child in 1988, and thus would not be in violation of any existing one-child policy.

The only other bases for the IJ's adverse credibility determination were the perceived implausibility of Wang's actions when she was six months pregnant in 1999, and an inconsistency between Wang's asylum application and her testimony regarding her conversation with family planning officials. The IJ calls the latter inconsistency "minor" and notes that "without the foregoing problems, [she] would not even consider [it] a basis for finding [Wang] incredible." As to the IJ's finding of implausibility regarding Wang's actions during her pregnancy in 1999, that finding was impermissibly speculative, and did not take into account Wang's explanation for her behavior. An IJ's

8

findings regarding inconsistencies or implausibilities may not be based upon bald speculation. *See Yuanliang Liu v. U.S. Dep't of Justice*, 455 F.3d 106, 110-111 (2d Cir. 2006); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 (2d Cir. 2006). Moreover, the IJ must take into account explanations for, and responses to, credibility concerns. *See Pavlova v. INS*, 441 F.3d 82, 89-90 (2d Cir. 2006) ("[W]here it is not apparent on the face of the record that the IJ has considered the applicant's responses to the IJ's credibility concerns, we . . . require the IJ to say enough to allow us . . . to review [] the reasons for rejecting the applicant's testimony."). Because the agency's decision depended upon both impermissible speculation and a perceived lack of corroboration, we cannot confidently predict that the same decision would be reached upon remand. *See Xiao Ji Chen*, 471 F.3d at 339 (holding that remand is futile "when the reviewing court can 'confidently predict' that the agency would reach the same decision absent the errors that were made") (quoting *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir. 2005)).

For the foregoing reasons, the petition for review is GRANTED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk