11-3504-cv
Nemeth v. Vill. of Hancock

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of September, two thousand twelve.

PRESENT:  REENA RAGGI,
          DEBRA ANN LIVINGSTON,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.

--------------------------------------------------------------------------------

JOSEPH NEMETH, DONNA NEMETH, VALERIE GARCIA,

               *Plaintiffs-Appellants*,

          v.                                   No. 11-3504-cv

VILLAGE OF HANCOCK, ROBERT DAVIS, JAMES ROTZLER, MICHAEL SALVATORE,

               *Defendants-Appellees*.

--------------------------------------------------------------------------------

FOR APPELLANTS:      Michael H. Sussman, Sussman & Watkins, Goshen, New York.

FOR APPELLEES:        Crystal R. Peck, Bailey, Kelleher & Johnson, P.C., Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on August 24, 2011, is AFFIRMED.

Plaintiffs Joseph and Donna Nemeth and Valerie Garcia appeal from the denial of their motion first to vacate and then to reinstate judgment to permit them to file a timely notice of appeal. See Fed. R. Civ. P. 60(a) (permitting court to correct "clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment"); id. 60(b)(1) (permitting relief from final judgment in case of "mistake, inadvertence, surprise, or excusable neglect"). We review the challenged denial for abuse of discretion. See Meilleur v. Strong, 682 F.3d 56, 64 (2d Cir. 2012). We assume the parties' familiarity with the facts and record of the underlying proceeding, which we reference only as necessary to explain our decision to affirm.

This court dismissed plaintiffs' initial appeal for lack of jurisdiction because the district court docket showed that plaintiffs' notice of appeal was untimely filed on February 9, 2011, thirty-three days after the district court's entry of judgment, when they electronically submitted the notice to the Clerk's Office. See Order Dismissing the Appeal for Lack of Appellate Jurisdiction, Nemeth v. Vill. of Hancock, No. 11-531-cv (2d Cir. July 5, 2011), ECF No. 58; see generally Fed. R. App. P. 4(a)(1)(A) (mandating that notice of appeal in civil case be filed within 30 days from entry of judgment); Brown v. Eli Lilly & Co., 654 F.3d 347, 354 (2d Cir. 2011) (stating that timely filing of notice of appeal under Fed. R. App. P. 4(a)(1)(A) is jurisdictional). As we noted in our dismissal order, plaintiffs never moved

2

in the district court or in this court for an extension of time to file their notice of appeal. Further, in their reply brief, plaintiffs cited no evidence or case law to support their conclusory claim that they had timely filed a notice of appeal by mail. Thus, we did not countenance their timeliness argument because it was inadequately briefed and effectively abandoned. See State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 172 (2d Cir. 2004). Moreover, although plaintiffs attempted to make this argument in their July 19, 2011 petition to this court for rehearing, they ignored the court's notice of a defect in the petition and failed to correct it within the allotted two weeks, resulting in the motion being struck on August 4, 2011.

It is against this background that we consider plaintiffs' argument that the district court erred in failing either to vacate and reinstate the original judgment to afford them an opportunity to file a new timely notice of appeal, or to correct the docket to indicate the timeliness of their original filing. In support, plaintiffs submitted evidence that they filed their original notice of appeal by overnight mail sent on February 3, 2011, suggesting receipt and filing by the district court on February 4, 2011. See Contino v. United States, 535 F.3d 124, 127 (2d Cir. 2008) (holding that notice of appeal filed within deadline but in contravention of local rule is considered timely, provided that party did not willfully ignore local rule). In fact, a question remains as to the date the mailed notice was received by the district court because plaintiffs' envelope included the wrong zip code. See Fed. R. App. P. 25(a)(2)(A) ("[F]iling is not timely unless the clerk receives the papers within the time fixed for filing.").

3

On this record, the district court was not required to identify any clerical mistake in the docket entry noting the filing of their appeal, much less in the judgment for which they sought vacatur and reinstatement under Fed. R. Civ. P. 60(a). Nor was it required to identify the kind of "mistake, inadvertence, surprise, or excusable neglect" warranting vacatur under Fed. R. Civ. P. 60(b)(1). Rather, as the district court correctly noted, because this court had already found the notice of appeal to be untimely filed on February 9, 2011, plaintiffs' claim of timely filing on February 4, 2011, would require a direction from this court for further factfinding before any relief could be afforded. The district court's failure to act in the absence of such a direction was hardly an abuse of discretion.

Insofar as plaintiffs request such direction from this court now, the request is denied in light of plaintiffs' failure to pursue that relief either in opposing this court's dismissal or in pursuing their petition for rehearing.

We have considered plaintiffs' remaining arguments and conclude that they are without merit. The order of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4