12-4376 (L)
Patel v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand thirteen.

PRESENT: GERARD E. LYNCH,
DENNY CHIN,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

---

RAKESHKUMAR V. PATEL,
*Petitioner*,

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

Nos. 12-4376 (L)
13-507 (Con)

---

FOR PETITIONER: JOSEPH C. HOHENSTEIN, Orlow, Kaplan & Hohenstein, LLP, Philadelphia, Pennsylvania.

FOR RESPONDENT: STUART F. DELERY, Acting Assistant Attorney General, ANTHONY C. PAYNE, Senior Litigation Counsel, ALI MOHAMMAD MANUCHEHRY, Trial Attorney, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petitions for review are **DENIED**.

Rakeshkumar V. Patel, a native and citizen of India, seeks review of a September 20, 2012, decision of the Board of Immigration Appeals ("BIA"), affirming the January 25, 2010, decision of Immigration Judge ("IJ") Philip J. Montante, Jr. denying his application for adjustment of status, and a January 28, 2013, order of the BIA denying reopening and reconsideration. *In re Rakeshkumar V. Patel*, No. A078 389 002 (B.I.A. Sept. 20, 2012), *aff'g* No. A078 389 002 (Immig. Ct. Buffalo Jan. 25, 2010); *In re Rakeshkumar V. Patel*, No. A078 389 002 (B.I.A. Jan. 28, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case, which we reference only as necessary to explain our decision.

As an initial matter, the Government challenges the timeliness of the petition for review of the first BIA decision, because the petition was electronically filed after the end of the 30-day filing period. *See* 8 U.S.C. § 1252(b)(1). However, Patel timely filed in hard copy and his failure to comply with our local rule regarding electronic filing does not affect our jurisdiction. *See* Fed. R. App. P. 47(a)(2); *Contino v. United States*, 535 F.3d 124, 126-27 (2d Cir. 2008).

Our jurisdiction to review discretionary decisions of the BIA such as denials of adjustment of status is limited to constitutional claims and questions of law, 8 U.S.C. § 1252(a)(2)(B)(ii). Patel argues that, in denying his applications, the agency mischaracterized relevant facts and applied an erroneous legal standard. While such

2

claims can raise questions of law, *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006), here neither contention has merit.

Patel's claim of deficiencies in the agency's treatment of the facts is unavailing. While he correctly observes that the IJ erroneously characterized his criminal history when denying his status adjustment, the BIA corrected the record in its *de novo* review affirming the IJ's decision. Nor did the agency overlook evidence presented by Patel. The record demonstrates that the BIA considered the positive equities he presented with sufficient care and granularity such that its review does not approach an error of law. *See Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) (holding that the agency need not review every piece of evidence explicitly or perfectly); *Xiao Ji Chen*, 471 F.3d at 336 n. 17 (noting that the agency need not recite all relevant evidence to demonstrate adequate consideration). As the record does not suggest that the agency failed to consider evidence presented by Patel, we find no reviewable error of law on this basis.

In essence, Patel's argument rests on the claim that the agency failed to properly balance his positive equities against his criminal history and other adverse evidence. Patel stresses his hard work and success as an entrepreneur and the esteem with which he is held in his community. The agency considered these positive factors, but found them outweighed by the negative features of the record. We lack jurisdiction to consider Patel's arguments, which simply challenge the agency's discretionary balancing of the equities.

With respect to Patel's motion for reconsideration and reopening, a motion to reconsider must identify errors of law or fact in a previous order of the BIA, 8 U.S.C. § 1229a(c)(6). We find no error of law or fact here. Patel's motion essentially argued that the initial decision of the BIA was wrong, for the same reasons we have rejected above. A motion to reopen may be granted only if a party presents new material evidence unavailable at the time of the original hearing, 8 C.F.R. § 1003.2(c)(1), and the BIA retains discretion to deny such a motion "even if the party moving has made out a *prima facie* case for relief," 8 C.F.R. § 1003.2(a). Patel presented no new evidence that would justify a rehearing, and we lack jurisdiction to review the BIA's exercise of its discretion to deny reopening.

Accordingly, Patel has identified no error of law in the agency's decisions. The petitions for review are therefore **DENIED**. As we have completed our review, the pending motion for a stay of removal in these petitions is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4