14-4271-cv
*Rodman v. Stryker Sales Corp.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of May, two thousand fifteen.

PRESENT:  JOSÉ A. CABRANES,
     REENA RAGGI,
     DENNY CHIN,
        *Circuit Judges.*

---

JEFFREY RODMAN,

   *Plaintiff-Appellant,*

     v.             No. 14-4271-cv

STRYKER SALES CORPORATION, STRYKER
CORPORATION, HOWMEDICA OSTEONICS CORP.,
DBA STRYKER ORTHOPAEDICS,

   *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**    Patrick W. Brophy, McMahon, Martine & Gallagher, LLP, Brooklyn, NY.

**FOR DEFENDANTS-APPELLEES:**   Kim M. Catullo, Gibbons P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff Jeffrey Rodman appeals from the District Court's October 7, 2014 judgment dismissing his amended complaint, which raised various state law claims under diversity jurisdiction for injuries he allegedly sustained as a result of a hip replacement surgery.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Carpenters Pension Trust Fund of St. Louis v. Barclays PLC*, 750 F.3d 227, 232 (2d Cir. 2014). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Upon *de novo* review of the record and relevant law, we conclude that the District Court properly dismissed the amended complaint, substantially for the reasons stated in its well-reasoned October 7, 2014 opinion. Specifically, Rodman failed adequately to allege how his hip replacement was defective and how any defect caused his injuries. Instead, Rodman alleged conclusorily that his implant was manufactured "in an improper workmanship-like manner, including but not limited to the application of the Hydroxyapatite (HA) coating." Am. Compl. ¶ 42. At best, Rodman alleged that the coating "did not meet certain specifications . . . for tensile bond strength and crystallinity," *id.* ¶ 100, but he never identified how this problem rendered the product defective, whether it affected his individual hip replacement, or how it caused his alleged injuries. Accordingly, Rodman failed to state a claim to relief for each of his causes of action.

---

[1] As a clerical matter, Rodman's CM/ECF filing for his notice of appeal in the District Court failed to select the order from which he was appealing. Although Rodman cured this technical defect only after the time to file a notice of appeal had expired, his actual notice of appeal, which was otherwise timely, specifically referenced the District Court's October 7, 2014 order. *See Contino v. United States*, 535 F.3d 124, 126-27 (2d Cir. 2008) (holding that Clerk of Court cannot refuse to accept notice of appeal erroneously filed electronically in violation of local rules); *see also* Fed. R. Civ. P. 5(d)(4) ("The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice."). Accordingly, it "can be inferred from the notice of appeal" that Rodman intended to appeal the District Court's October 7, 2014 final judgment. *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 66 (2d Cir. 2008); *see Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995) ("[W]e construe notices of appeal liberally, taking the parties' intentions into account.").

## CONCLUSION

We have considered all of the arguments raised by Rodman on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's October 7, 2014 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk