15-3075-cr
United States v. Wint

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand sixteen.

PRESENT: DENNIS JACOBS,
GUIDO CALABRESI,
REENA RAGGI,
      Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
    Appellee,

    -v.-            15-3075-cr

FELICIA YOUNG,
    Defendant,

ROYAN WINT, AKA G-ROY,
    Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:     ELIZABETH D. MANN, Tepper
           Dardeck Levins & Mann, LLP,
           Rutland, Vermont.

1

**FOR APPELLEE:**                    GREGORY L. WAPLES, Assistant
                                      United States Attorney (Paul J.
                                      Van De Graaf, Assistant United
                                      States Attorney, on the brief),
                                      for Eric S. Miller, United
                                      States Attorney for the District
                                      of Vermont, Burlington, Vermont.

Appeal from a judgment of the United States District Court for the District of Vermont (Murtha, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Royan Wint, aka G-Roy, appeals from the judgment of the United States District Court for the District of Vermont (Murtha, J.), sentencing him principally to 60 months' imprisonment after convictions for (1) conspiracy to distribute and to possess with intent to distribute 28 grams or more of cocaine base, cocaine, and oxycodone in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B); and (2) possession with intent to distribute 28 grams or more of cocaine base, cocaine, and oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.**    Wint argues that the evidence at trial was insufficient to establish beyond a reasonable doubt that he was involved in the distribution of narcotics.  "A defendant challenging the sufficiency of the evidence bears a heavy burden . . . ."  United States v. Kozeny, 667 F.3d 122, 139 (2d Cir. 2011).  We "view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence."  United States v. Coplan, 703 F.3d 46, 62 (2d Cir. 2012) (citations omitted).   We must uphold the judgment if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

Viewed in the light required, the evidence was more than sufficient to establish Wint's intent to distribute--it was overwhelming.  Law enforcement officers who executed a

2

search warrant at Wint's residence found approximately 70 grams of cocaine base, 173 grams of powder cocaine, oxycodone pills, over $11,000 in cash, and a digital scale with white powder in Wint's bedroom.  Wint confessed to narcotics possession and distribution.  And three witnesses corroborated Wint's confession, testifying, inter alia, that Wint supplied them and others with oxycodone and cocaine to distribute.  One of these witnesses, Wint's co-defendant, testified that she had traveled with Wint to New York City and Albany where Wint obtained cocaine and oxycodone from two suppliers, and that she had seen Wint packaging crack cocaine for distribution.[1]

Wint argues that the testimony of the non-law enforcement witnesses was unreliable, Br. of Appellant 26; Reply 9-10, but we must assume that the jury credited it. See United States v. Hamilton, 334 F.3d 170, 179 (2d Cir. 2003); United States v. LeRoy, 687 F.2d 610, 616 (2d Cir. 1982).

**2.**  On the eve of jury selection, Wint's appointed lawyer--his third--moved to withdraw and to be replaced with new appointed counsel, and for a continuance.  The district court denied the motion, and Wint's third lawyer continued to represent him through the close of and immediately after trial.  Wint acknowledges that the district court acted within its discretion in denying the motion to withdraw, but he argues that the district court was "required to advise the defendant of his Constitutional right to make an election whether to proceed with court-appointed counsel or to proceed pro se."  Br. of Appellant 9-10.

A criminal defendant has a constitutional right to waive the right to counsel and to represent himself. Faretta v. California, 422 U.S. 806 (1975); see also 28 U.S.C. § 1654.  Wint does not contend that he ever requested to appear pro se, and he cites no authority for the

---

[1] A handwritten bus schedule found in Wint's car corroborated the testimony regarding Wint's Albany supplier. Of course, corroboration or a lack thereof "goes only to the weight of the evidence, not to its sufficiency."  United States v. Hamilton, 334 F.3d 170, 179 (2d Cir. 2003) (quoting United States v. Roman, 870 F.2d 65, 71 (2d Cir. 1989)).

3

proposition that a court must affirmatively ensure that a defendant is aware of this right.

Even assuming that when a district court denies a motion to withdraw, a defendant has some right to be informed that he may choose to appear pro se rather than continue with appointed counsel, there was no prejudicial error here.[2] The record reflects Wint's awareness of the right of self-representation. The possibility of Wint representing himself was mentioned several times in Wint's presence at the hearing on the motion to withdraw, and the district court specifically asked Wint whether he wished to represent himself; Wint declined.[3]

_____

[2] Harmless error analysis does not apply when a criminal defendant is denied the right to appear pro se. United States v. Plattner, 330 F.2d 271, 273 (2d Cir. 1964). To repeat, Wint does not argue that he ever invoked (and therefore was denied) his right of self-representation.

[3] In Wint's presence, Wint's trial counsel mentioned previous discussions with Wint regarding whether Wint wanted to represent himself (and stated that he believed Wint "more often than not, he realizes that may not be a wise course"), App'x 148, and informed the court that "[i]f [Wint] were to tell you he wants to go pro se and you want to hold me as a stand-by counsel, I would be willing to do that," App'x 150. Subsequently, the district court asked Wint:

> [A]t the last, maybe even both times when you asked to have another lawyer or when the lawyer asked to be relieved from the case, I advised you that, particularly after Mr. Mabie, that it was the last time you were going to get assigned counsel. That was about a year ago. So you still don't want Mr. Mabie to represent you? . . . So you don't wish to try this case on your own, I assume?

App'x 150-51. Wint responded, inter alia, "I don't want to go pro se right now." App'x 151.

Wint argues that his response might have meant only that Wint preferred the appointment of new counsel to self-representation, and that once Wint's motions were denied he may have *then* preferred to proceed pro se rather than with

4

**3.** After the close of the government's case, Wint's counsel conferred with Wint, and advised the court that Wint had chosen not to testify in his own defense. Wint contends that counsel gave ineffective assistance by failing to advise him that the district court would allow him overnight to decide whether to testify, and that if he did choose to testify, he could do so the following morning rather than immediately. He further contends that his testimony would have affected the outcome of the case.

To prevail on a claim of ineffective assistance of counsel, a defendant must (1) "show that counsel's representation fell below an objective standard of reasonableness"; and (2) "affirmatively prove prejudice." Strickland v. Washington, 466 U.S. 668, 688, 693 (1984). The district court ruled that Wint failed to make either of these showings.[4]

We agree that Wint failed to show objectively unreasonable performance; we therefore need not consider prejudice. The district court found Wint's factual allegations incredible and instead credited trial counsel's affidavit, which stated, inter alia, that counsel had advised Wint against testifying but never told him that he could not do so; that Wint had been informed of his right to testify and stated that he would not testify; that counsel informed Wint that the court had suggested Wint could wait until the following morning to finally decide whether to testify, but Wint said that his decision would be the same the next day; and that Wint never told counsel that he wanted to testify the next day when he would be more rested. We defer to the district court's factual findings, which are

---

appointed counsel. This is an implausible reading of the transcript. In any event, Wint obviously knew that pro se status was an option. See also Supp. App'x 35 (letter from trial counsel to Wint advising that if Wint decides he wishes to represent himself he should inform counsel "clearly . . . in writing").

[4] Both parties agree that the district court had the discretion to consider this ineffective assistance claim prior to sentencing and entry of judgment. See United States v. Brown, 623 F.3d 104, 113-14 (2d Cir. 2010).

not clearly erroneous.  See Contino v. United States, 535 F.3d 124, 127 (2d Cir. 2008).

Wint's trial counsel fulfilled his duty of effective assistance to advise Wint that he had the right to testify, and to provide advice regarding whether to exercise that right.  See Rega v. United States, 263 F.3d 18, 20-21 (2d Cir. 2001).

**4.**  In his post-trial motion, Wint argued that he received ineffective assistance of counsel on various additional grounds.  As to these grounds, Wint contends that the district court abused its discretion in resolving his claims without holding a full testimonial hearing.  The district court resolved Wint's motion on the basis of the expanded written record, which included Wint's allegations, hearing and trial transcripts, and trial counsel's detailed affidavit and its attachments (including correspondence between Wint and counsel).  We conclude that the district court did not abuse discretion.

In the context of a 28 U.S.C. § 2255 post-conviction motion, "we have . . . held that when the judge that tried the underlying proceedings also presides over the [proceeding alleging ineffective assistance], a less-than full-fledged evidentiary hearing may permissibly dispose of claims where the credibility assessment would inevitably be adverse to the petitioner." Puglisi v. United States, 586 F.3d 209, 214 (2d Cir. 2009); see Chang v. United States, 250 F.3d 79, 86 (2d Cir. 2001) (holding it within district court's discretion to resolve ineffective assistance claim on basis of submitted papers, including trial counsel's detailed affidavit contradicting defendant's assertions). This district judge had observed Wint's sworn testimony at the pre-trial suppression hearing, and found Wint to be "an incredible witness." United States v. Wint, No. 12-cr-85-jgm-01, 2015 WL 2451783, at *5 (D. Vt. May 21, 2015); see also United States v. Wint, No. 12-cr-85-jgm-01, 2014 WL 1453350, at *1, *8, *10 (D. Vt. Apr. 14, 2014). Additionally, Wint made unsworn statements regarding the alleged facts underlying his ineffective assistance claims at a post-trial hearing; and the judge observed Wint's trial counsel throughout proceedings.  The court was within its

6

discretion to determine that it had sufficient information from which to assess Wint's credibility and claims.[5]

For the foregoing reasons, and finding no merit in Wint's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[5] Wint never requested a testimonial hearing in the district court, did not oppose the government's motion for an affidavit by trial counsel, and declined to even respond to that affidavit or to submit a reply to the government's opposition to his motion, which incorporated trial counsel's affirmations. Cf. Chang, 250 F.3d at 81 (defendant expressed intent to examine former counsel under oath at hearing).