NABIL N. GHALY et al., Appellants, v FIRST AMERICAN TITLE INSURANCE COMPANY OF NEW YORK, Respondent. [644 NYS2d 770]

A cause of action based on an insurer's alleged breach of a contractual duty to defend accrues only when the underlying litigation brought against the insured has been finally terminated and the insurer can no longer defend the insured even if it chooses to do so (see, Colpan Realty Corp. v Great Am. Ins. Co., 83 Misc 2d 730, 732; Roldan v Allstate Ins. Co., 149 AD2d 20, 29; see also, Ginn v State Farm Mut. Auto. Ins. Co., 417 F2d 119; Boyd Bros. Transp. Co. v Fireman's Fund Ins. Co., 540 F Supp 579, affd 729 F2d 1407 [11th Cir]; Moffat v Metropolitan Cas. Ins. Co., 238 F Supp 165; Kielb v Couch, 374 A2d 79; Employers' Fire Ins. Co. v Continental Ins. Co., 326 So 2d 177; Continental Cas. Co. v Florida Power & Light Co., 222 So 2d 58; Gilbert v American Cas. Co., 219 So 2d 84, cert denied 225 So 2d 920; 2 Dunham, New York Insurance Law § 30.04 [4], at 30-75).

The record indicates that the underlying action against the insureds, i.e., the plaintiffs herein, was finally terminated on December 21, 1994. Since the plaintiffs' cause of action against the defendant insurer for breach of contract was commenced within six years of that date, it was timely, and the Supreme Court erred in dismissing that cause of action (see, CPLR 213 [2]).

In view of our determination reinstating the first cause of action in the complaint, the matter is remitted to the Supreme Court for a determination with respect to the plaintiffs' motion to dismiss stated affirmative defenses in the answer.

We find no merit to the plaintiffs' remaining contention. Mangano, P. J., Sullivan, Altman and Hart, JJ., concur.