*Pettaway v. National Recovery Solutions*

# In the
# United States Court of Appeals
# For the Second Circuit

August Term, 2019

Argued: January 17, 2020
Decided: April 9, 2020

Docket No. 19-1453

JEAN M. PETTAWAY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

*Plaintiff - Appellant,*

V.

NATIONAL RECOVERY SOLUTIONS, LLC, US ASSET MANAGEMENT INC.,

*Defendants - Appellees,*

JOHN AND JANE DOES 1–50,

*Defendants.**

Appeal from the United States District Court
for the Southern District of New York
No. 1:19-cv-1328 – George B. Daniels, *Judge.*

Before:    HALL, SULLIVAN, and BIANCO, *Circuit Judges.*

*The Clerk of Court is respectfully requested to amend the caption as stated above.

Plaintiff-Appellant Jean M. Pettaway challenges the district court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) of her FDCPA claim. Although we agree with Pettaway that her amended complaint was timely filed, notwithstanding the deficiency notice issued by the court clerk, we nevertheless conclude that when a plaintiff properly amends her complaint and a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint. Here, the district court did the latter and properly dismissed Pettaway's amended complaint on the merits because it fails to state a plausible claim for relief.

AFFIRMED.

PHILIP D. STERN (Andrew T. Thomasson, Francis R. Greene, *on the brief*), Stern Thomasson LLP, Springfield, NJ, *for Plaintiff-Appellant*.

Brian D. Gwitt, Andrea K. DiLuglio (*on the brief*), Woods Oviatt Gilman LLP, Buffalo, NY, *for Defendants-Appellees.*

PER CURIAM:

Plaintiff-Appellant Jean M. Pettaway appeals from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*) entered on May 20, 2019 granting Defendants-Appellees' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and denying Plaintiff-Appellant's motion for leave to file an amended complaint. Although we agree with Pettaway that her amended complaint was timely filed, and therefore leave to file an amended

complaint was not required, we nevertheless conclude that the district court properly dismissed Pettaway's amended complaint on the merits because it fails to state a plausible claim for relief.

I.

Pettaway co-signed a student loan, which subsequently fell into default and was charged-off. Defendant-Appellee US Asset Management Inc. ("US Asset") purchased the debt and placed it with Defendant-Appellee National Recovery Solutions, LLC ("NRS") for collection. NRS thereafter sent a form collection letter (the "Letter") to Pettaway on behalf of US Asset in an attempt to collect the debt; the Letter stated in pertinent part:

> As of the date of this letter, you owe **$26,610.58**. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.

App. at 18, 33 (emphasis in original). The letter also contained a "time sensitive" offer whereby NRS would accept $21,288.46 as a full settlement of the debt if the payment was received by a certain date. *Id.*

Pettaway filed a class action complaint against NRS, US Asset, and John and Jane Doe defendants in February 2019, alleging that they "used false, deceptive,

3

and misleading practices, and other illegal practices, in connection with their attempts to collect an alleged debt from Plaintiff and other similarly situated customers," App. at 6, thereby violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Pettaway's initial complaint alleged that the Letter is "materially false, deceptive, and misleading," App. at 11, because it suggests that late charges and other charges will cause a customer's debt to increase even where, as here, such charges are not legally or contractually available.

NRS and US Asset timely filed a motion to dismiss the complaint under Rule 12(b)(6) and moved for attorneys' fees. In response, and pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Pettaway filed an amended complaint 21 days after Defendants-Appellees served their motion, adding allegations relating to the Letter's settlement offer and an allegation that Defendants-Appellees had not charged, and did not intend to charge, interest on the debt. The day after Pettaway filed her amended complaint, the clerk docketed a notice informing the parties that the amended complaint was deficient, and that Pettaway would be required to re-file. Since the 21-day window following a Rule 12 motion during which a plaintiff may file an amended complaint once as a matter of right was then closed, the

4

notice stated that either the opposing party's consent or the district court's leave would be required to re-file.

Defendants-Appellees did not consent to a re-filing, so Pettaway filed a letter motion requesting leave to re-file the amended complaint. By order dated May 20, 2019, the district court granted Defendants-Appellees' motion to dismiss, denied their request for attorneys' fees and costs, and denied Pettaway's motion for leave to file the amended complaint. This appeal followed.

II.

On appeal, Pettaway first argues that her amended complaint was timely and properly filed on the 21st day following service of Defendants-Appellees' Rule 12 motion. Because the amended complaint followed the district court's Electronic Case Filing Rules & Instructions, she argues, it was served and filed in compliance with the Southern District of New York's local rules and was therefore "filed" within the meaning of Federal Rule of Civil Procedure 5 notwithstanding contrary online directions.[1] *See* S.D.N.Y. Local Civil Rule 5.2 ("A paper served and filed by

---

[1] Pettaway's attorneys selected the "All Defendants" radio button when delineating who the amended complaint was against, as it was brought against all defendants. S.D.N.Y.'s instructions read "Do not select 'all plaintiffs' or 'all defendants' unless it is appropriate." Electronic Case Filing Rules & Instructions, United States District Court Southern District of New York (Feb. 1, 2019). However, the clerk of court informed Pettaway's attorneys that the online directions during the filing process direct the filer not to use the "All

electronic means in accordance with such instructions [published on the court's website] is, for purposes of Fed. R. Civ. P. 5, served and filed in compliance with the Local Civil Rules of the Southern [District] of New York."). Pettaway contends that the district court clerk was therefore incorrect to label her amended complaint as deficient and to require either the court's permission or the opposing party's consent to re-file and that the district court erred in concluding that the amended complaint was not correctly filed within the 21-day period.

We agree. Federal Rule of Civil Procedure 5(d)(4) prohibits a clerk from refusing "to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." Pursuant to this directive, we have held that an error in a notice of appeal would not cause a party to lose his right to appeal, and the notice would be deemed timely filed notwithstanding the court's rejection of it for noncompliance with its rules on filing. *Contino v. United States*, 535 F.3d 124, 127 (2d Cir. 2008) (also citing Federal Rule of Civil Procedure 83(a)(2) for the proposition that "[a] local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful

---

Defendants" button and to select instead each individual defendant; the clerk further indicated that the use of the "All Defendants" button would result in the filing being deemed "deficient."

failure to comply"). Pettaway's amended complaint, filed as a matter of right and seemingly in compliance with the express instructions of the district court, should have been accepted by that court.

Pettaway next contends that because her amended complaint was properly and timely filed, it mooted the pending motion to dismiss. It is true that "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000). This rule does not, however, dictate that a pending motion to dismiss is automatically rendered moot when a complaint is amended. District courts in this Circuit have repeatedly explained that, when faced with an amended complaint, they may either deny a pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading. *See, e.g.*, *Conforti v. Sunbelt Rentals, Inc.*, 201 F. Supp. 3d 278, 291 (E.D.N.Y. 2016) ("Where a plaintiff seeks to amend his complaint while a motion to dismiss is pending, a court 'has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint.'" (quoting *Hamzik v. Office for People with Developmental Disabilities*, 859 F. Supp. 2d 265, 273–74 (N.D.N.Y. 2012))); *see also id.* (citing cases

7

from the District of Connecticut and the Eastern District of New York for the same proposition). This is a sound approach that promotes judicial economy by obviating the need for multiple rounds of briefing addressing complaints that are legally insufficient. We now adopt this rule and hold that when a plaintiff properly amends her complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint.

The district court essentially followed the second approach described above. Although the district court explained that it would "consider Plaintiff's original complaint in evaluating [the] motion to dismiss and will separately assess the validity of Plaintiff's application to amend her complaint," App. at 37, it went on to say that Pettaway's amended complaint did not moot Defendants-Appellees' pending motion to dismiss because the new allegations did not save her claim. In effect, the district court's denial of Pettaway's application to amend her complaint was premised on its view that the amended complaint would not withstand a motion to dismiss. *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed

8

claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).").  Even though the district court conducted the bulk of its analysis of the motion to dismiss addressing the allegations in the original complaint, it also considered the motion in light of the allegations in the amended complaint.  Because we agree that its methodology was satisfactory, we find no error in the district court's analysis.

III.

Pettaway contends that the "Amended Complaint alleged facts proving a cause of action."  Appellant Br. at 10.  We disagree.  On independent review, we hold that the district court properly granted Defendants-Appellees' motion to dismiss.  "We review *de novo* a grant of a motion to dismiss pursuant to Rule 12(b)(6), accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 156–57 (2d Cir. 2017) (internal quotation marks and citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

In determining whether a communication violates the FDCPA, courts

9

analyze the communication using a "least sophisticated consumer" standard. *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005). Under this standard, "a collection notice can be misleading if it is open to more than one reasonable interpretation, at least one of which is inaccurate." *Taylor v. Fin. Recovery Servs.*, 886 F.3d 212, 214 (2d Cir. 2018) (internal quotation marks and citation omitted). The standard, however, will not render debt collectors liable for "bizarre or idiosyncratic interpretations of debt collection letters," *Greco*, 412 F.3d at 363 (internal quotation marks and citation omitted), or "unreasonable misinterpretations of collection notices," *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

The district court held that Pettaway's original complaint failed to state a claim under the FDCPA because, *inter alia*, the Letter's language "clearly states that interest, late charges, and other charges '*may* vary from day to day,' not that they *will*." App. at 41 (citation omitted). The district court reasoned that the Letter is not inaccurate or misleading to the least sophisticated customer so long as one of these three components may accrue. Pettaway contends that her amended complaint changed the analysis because, unlike the initial complaint which alleged that only interest could accrue, the amended complaint alleged that neither

10

interest, late charges, nor other charges could be added to her debt. But Pettaway overstates the allegations set out in the amended complaint. While her amended complaint does allege that the addition of late charges and other charges are impossible, it does not allege that interest could not accrue. Rather, the amended complaint simply asserts that Defendants-Appellees did not previously charge interest and did not intend to do so in the future. Even if there is no current intention to charge interest, the mere existence of that future possibility is completely consistent with the word "may" in the Letter's language. Nor do we read the Letter's acknowledgment that interest may accrue as threatening language prohibited by 15 U.S.C. § 1692e(5). The amended complaint therefore does not support the conclusion that the Letter was materially misleading, inaccurate, unfair, or unconscionable—thereby violating the FDCPA—simply by indicating that the balance *may* increase.[2]

Nor do the allegations related to the Letter's settlement language salvage

---

[2] In her reply brief, Pettaway also suggested that, even if the Letter's language regarding the possibility of accruing interest is not itself misleading, a plausible claim still exists because of the impossibility of late charges and other charges being imposed. *See* Reply Br. at 19 (citing *Boucher v. Fin. Sys. of Green Bay*, 880 F.3d 362, 370 (7th Cir. 2018)). We need not address this argument because it was raised on appeal for the first time in Pettaway's reply brief and is therefore waved. *See Conn. Bar Ass'n v. United States*, 620 F.3d 81, 91 n. 13 (2d Cir. 2010) ("Issues raised for the first time in a reply brief are generally deemed waived." (citing *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998))).

11

the amended complaint. Pettaway argues that the Letter "falsely, deceptively, and misleadingly leads the least sophisticated consumer to think that if the payment of the reduced amount is not paid by the deadline, there will be no further chance to settle the Debt for less than the full amount." Appellant Br. at 6 (quoting Amend. Compl. ¶ 52). We do not think this is a fair reading of the Letter, even under the least sophisticated consumer standard. The Letter explains the process by which a consumer can negotiate her own settlement online, and that alone seriously undermines Pettaway's claim that a recipient would read the Letter and reasonably think that the proffered settlement terms were the only ones that would ever be available. Pettaway's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to save her claim from dismissal. *Iqbal*, 556 U.S. at 678.

\*     \*     \*

For the foregoing reasons, we **AFFIRM** the judgment of the district court.