Livingston v. Koenigsmann

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 17th day of June, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             WILLIAM J. NARDINI,
                  *Circuit Judges*.

_____

DETROY LIVINGSTON,

       *Plaintiffs-Appellants*,

       v.                                              19-414

CARL KOENIGSMANN, M.D., HEALTH SERVICE DEPUTY
COMMISSIONER/CHIEF MEDICAL OFFICER FOR THE
DEPARTMENT OF CORRECTION AND COMMUNITY
SUPERVISION (DOCCS), ANTHONY J. ANNUCCI,
ACTING COMMISSIONER OF THE DEPARTMENT OF
CORRECTION AND COMMUNITY SUPERVISION (DOCCS),
WILLIAM LEE, FORMER SUPERINTENDENT FOR
GREEN HAVEN CORRECTIONAL FACILITY (GHCF),
FREDERICK N. BERNSTEIN, DIRECTOR OF FACILITY
HEALTH SERVICES FOR GREEN HAVEN CORRECTIONAL
FACILITY (GHCF), LESLIE R. CASEY, NURSE ADMINISTRATOR
FOR GREEN HAVEN CORRECTIONAL FACILITY (GHCF),
ROBERT V. BENTIVEGNA, DIRECTOR OF FACILITY HEALTH
SERVICE FOR GREEN HAVEN CORRECTIONAL FACILITY (GHCF),
 THOMAS GRIFFIN, SUPERINTENDENT OF GREEN HAVEN

CORRECTIONAL FACILITY (GHCF),

*Defendants-Appellees.*

_____

Appearing for Appellant:     Detroy Livingston, pro se, Comstock, N.Y.

Appearing for Appellee:     Letitia James, Attorney General, State of New York, Barbara D. Underwood, Solicitor General, Steven C. Wu, Deputy Solicitor General, David Lawrence, III, Assistant Solicitor General, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Briccetti, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Detroy Livingston, proceeding pro se, appeals the district court's judgment dismissing his 42 U.S.C. § 1983 complaint. Livingston sued prison officials, alleging that they failed to protect him from a communicable disease, herpes, which caused facial paralysis. Livingston alleged that prison officials screen inmates for disease when they enter the prison and that he acquired herpes by sharing a cigarette with another inmate. The district court granted defendants' motion to dismiss, reasoning that he had failed to state a claim. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review de novo the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), "accepting the complaint's factual allegations as true and drawing all reasonable inferences the plaintiff's favor." *Pettaway v. Nat'l Recovery Sols., L.L.C.*, 955 F.3d 299, 304 (2d Cir. 2020) (internal quotation marks omitted)). Livingston asserts his claims under both the Eighth and Fourteenth Amendments. Because, at all times relevant, Livingston was a post-conviction inmate, the Eighth Amendment applies. *See Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2475 (2d Cir. 2015) (distinguishing between pretrial detainee's claims, which are brought under the Fourteenth Amendment, and post-conviction detainee's claims, which are brought under the Eighth Amendment). A prisoner asserting an Eighth Amendment claim must plead "both an objective element—that the prison officials' transgression was sufficiently serious—and a subjective element—that the officials acted, or omitted to act, with a sufficiently culpable state of mind, *i.e.*, with deliberate indifference to inmate health or safety." *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002) (internal quotation marks and citation omitted). This Court has "held that correctional officials have an affirmative obligation to protect inmates from infectious disease." *Jolly v. Coughlin*, 76 F.3d 468, 477 (2d Cir. 1996). In fulfilling that obligation, prison officials may not "be deliberately indifferent to the exposure of inmates to a serious, communicable disease on the ground that the complaining inmate shows no serious current symptoms." *Helling v. McKinney*, 509 U.S. 25, 33 (1993).

Here, Livingston alleged that herpes caused permanent facial paralysis, which was sufficient at the pleading stage to allege an objectively serious condition. *See Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). However, Livingston did not allege facts suggesting that, notwithstanding his decision to share a cigarette with another prisoner, the defendants nonetheless acted with deliberate indifference. He did not allege, for example, that prison officials knew, not only that some prisoners had herpes, but that prisoners commonly shared cigarettes and that herpes was likely to be transmitted in this manner. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that an official is deliberately indifferent if he "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety . . . the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). Because Livingston fails to adequately plead deliberate indifference, we need not reach defendants' remaining issues.

Finally, the district court properly dismissed all of Livingston's federal claims, so did not abuse its discretion by declining to exercise supplemental jurisdiction over remaining state law claims. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).

We have considered the remainder of Livingston's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk