21-677-cv
Aptive Environmental, LLC v. Village of East Rockaway

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of January, two thousand twenty-two.

Present:     ROSEMARY S. POOLER,
             DENNY CHIN,
             SUSAN L. CARNEY,
                     *Circuit Judges*.

_____

APTIVE ENVIRONMENTAL, LLC,

                 *Plaintiff-Appellee*,

             v.                                                  21-677-cv

VILLAGE OF EAST ROCKAWAY, NEW YORK,

                 *Defendant-Appellant*.

_____

Appearing for Appellant:     John E. Ryan, Ryan, Brennan & Donnelly LLP, Floral Park, N.Y.

Appearing for Appellee:      Clint Cowan, Lynn Pinker Hurst & Schwegmann, LLP (Kent D. Krabill, *on the brief*), Dallas, TX.

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

The Village of East Rockaway ("Village") appeals from the March 22, 2021 judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*), denying the Village's motion for summary judgment, granting Aptive Environmental, LLC's ("Aptive") cross-motion for summary judgment, and granting judgment as a matter of law to Aptive on the grounds that the Village's solicitation fee is unconstitutional. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review an order granting summary judgment de novo, drawing all factual inferences in favor of the non-moving party. *Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19, 30 (2d Cir. 2012). Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The only issue on appeal is whether the Village's $200 solicitation fee is constitutional. Solicitation is a form of expression entitled to First Amendment protection.[1] *See Village of Schaumburg v. Citizens for a Better Env't*, 444 U.S. 620, 632 (1980). "[I]t is equally clear that while the exercise of [c]onstitutionally protected activities may not be taxed, it may be regulated, provided the regulation is narrowly tailored to achieve a legitimate governmental interest, is content-neutral in terms and effect, and does not unduly burden speech." *Nat'l Awareness Found. v. Abrams*, 50 F.3d 1159, 1165 (2d Cir. 1995) (citation omitted). "Thus, fees that serve not as revenue taxes, but rather as means to meet the expenses incident to the administration of a regulation and to the maintenance of public order in the matter regulated are constitutionally permissible." *Id.*

The Constitution permits municipalities to require solicitation licenses, but licensing regulation is subject to scrutiny under the First Amendment. We have summarized the Supreme Court's First Amendment licensing jurisprudence as follows:

> In the First Amendment context, the Supreme Court has held that governmental entities may impose licensing fees relating to the exercise of constitutional rights when the fees are designed "to meet the expense incident to the administration of the [licensing statute] and to the maintenance of public order in the matter licensed." *Cox v. New Hampshire*, 312 U.S. 569, 577 (1941) (quotation marks omitted). Put another way, imposing fees on the exercise of constitutional rights is permissible when the fees are designed to defray (and do not exceed) the administrative costs of regulating the protected activity. *E. Conn. Citizens Action Grp. v. Powers*, 723 F.2d 1050, 1056 (2d Cir. 1983) ("Licensing fees used to defray administrative expenses are permissible, but only to the extent necessary for that purpose."); *see Int'l Women's Day March Planning Comm. v. City of San Antonio*, 619 F.3d 346, 370 (5th Cir. 2010); *Nat'l Awareness Found. v. Abrams*, 50 F.3d 1159, 1165 (2d Cir. 1995) ("Thus, fees that serve not as revenue taxes, but rather as means to meet the expenses incident to the administration of a regulation and to the maintenance of public order in the matter regulated are constitutionally permissible."); *see also Selevan v. N.Y. Thruway Auth.*, 711 F.3d 253, 259-61 (2d

---

[1] The Village's argument that its solicitation fee is permissible because Aptive engages in commercial solicitation was raised for the first time on reply, and is therefore waived. *See Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 305 n.2 (2d Cir. 2020).

Cir. 2013) (upholding a toll bridge fee as "constitutional[ly] permissib[le]" in the "right to travel" context); *cf. Murdock v. Pennsylvania*, 319 U.S. 105, 113-14 (1943) (striking down a license tax that was "not a nominal fee imposed as a regulatory measure to defray the expenses of policing the activities in question").

*Kwong v. Bloomberg*, 723 F.3d 160, 165-66 (2d Cir. 2013) (footnotes omitted). Only fees up to or equaling the proven expenses of the municipality in regulating the expressive activity are permissible. *See Powers*, 723 F.2d at 1056. As the proponent of the fee, the Village bears the burden of substantiating the fee amount by adducing evidence of the administrative costs purportedly defrayed. *See id.* (holding that an administrative fee was unconstitutional where the government entity did not produce evidence that the fee charged was equal to the administrative costs of the regulation); *Deegan v. City of Ithaca*, 444 F.3d 135, 142 (2d Cir. 2006) ("The entity that enacted a challenged regulation has the burden to demonstrate that the interest served justifies the restriction imposed.").

Here, the Village failed to satisfy its burden of substantiating the $200 solicitation fee by providing evidence of the administrative costs the fee purportedly defrayed. The parties dispute the nature of the evidence required to justify the solicitation fee. Aptive argues the Village must justify the fee with actual data and concrete evidence. The Village argues that estimates are permissible evidence of the fee needed to defray costs of regulation, particularly where, as here, the Village had not yet issued a commercial solicitation license.

We need not settle the issue here, as there is insufficient evidence in the record to even properly estimate the administrative costs associated with the solicitation licensing regulation. The Village failed to follow Local Rule 56.1(a) and submit a statement of undisputed material facts in support of its motion for summary judgment. The Village also failed to file the required counterstatement in response to Aptive's Rule 56.1 statement per Local Rule 56.1(b). So long as the moving party's Rule 56.1(a) statement includes citations to admissible evidence, "[i]f the opposing party then fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted." *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003). Furthermore, the Village submitted attorney affidavits with its summary judgment papers that both add and controvert facts to which the Village previously testified. "[W]hen an attorney makes statements under penalty of perjury in an affidavit or an affirmation, the statements do constitute part of the evidentiary record and must be considered." *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009). However, a party may not "create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996).

Considering the undisputed assertions from Aptive's statement of material facts that are supported by evidence, we agree with the district court that there is insufficient evidence to show that the solicitation licensing fee is designed to defray, and does not exceed, the administrative costs of regulating solicitor licensing. The Village's Rule 30(b)(6) witness was Patricia Renner, the Village clerk. As the district court found, Renner's deposition testimony attributes the fee to guesses and estimates that are not based on empirical evidence. In response to how the Village could know that processing an intake of each application will cost the village fifty to

3

seventy-five dollars, Renner replied: "Someone has to receive the application, stamp it in, pass it onto me. It has to go on the agenda. It has to be reviewed by the board, it has to be reviewed -- our attorney is at the board meetings, so he will also be inputting. Then we have to then review all of the background check, the application itself, what type of business, make sure there's no additional information that we're missing. So that's all time, and time is money." App'x at 232-33.

Nowhere in that answer—or elsewhere in the record—is even a rough approximation of the time it would take each party to conduct their review, salary cost for each individual reviewer, overhead costs for the entire process, the "frequency with which inspection or enforcement occurs," or "the average time required for an inspection or for enforcement." *Turley v. N.Y.C. Police Dep't*, 988 F. Supp. 667, 675 (S.D.N.Y. 1997). In fact, Renner admitted that although she would be administering the licensing scheme, the Village did not seek her input before deciding on the amount of the fee. Likewise, she testified that the Village did not obtain estimates from background check companies to determine the likely cost of a background check. As the magistrate judge found, in a finding with which the district court concurred, the issue is not that the Village is unable to precisely determine the administrative costs; it is that the Village "has not done the requisite research and analysis, nor shown . . . through evidence appropriately cited to at summary judgment" that the $200 fee is constitutionally valid. App'x at 410; Sp. App'x at 3-4.

Even if we decided to scour the record for undisputed facts—which we have no obligation to do given the Village's failure to abide by Rule 56.1—we would find that Aptive is entitled to judgment as a matter of law. Renner admitted she does not "issue" the licenses herself before stating that she would, in fact, do most of the processing of the application for a solicitor license. For the one solicitation license application the Village received, the deputy clerk spent one hour finding addresses for the application. The deputy clerk's yearly compensation is between $85,000-$110,000, but this employee's hourly rate is not mentioned in the Village's summary judgment affidavit for purposes of calculating the processing costs. This further demonstrates that the Village did not engage in a careful analysis of what the likely processing costs for a licensing application would be. *See, e.g.*, *Turley*, 988 F. Supp. at 674 (concluding that the "City has significantly overestimated the hourly salary and benefits of the permit processors" by using the salary of a senior patrolman instead of the much lower salary of senior police administrative assistants who actually processed permits).

Lastly, the Village argues that it was reasonable for them to base their $200 fee on the Village of Floral Park's $200 fee. But comparison to another jurisdiction "is simply not the test for assessing the validity of a licensing fee." *Kwong*, 723 F.3d at 160 (rejecting plaintiff's argument that New York City's handgun licensing fee was significantly higher than the fee charged in other jurisdictions); *see also Abrams*, 50 F.3d at 1166 ("[T]he propriety of inclusion of particular enforcement costs should be determined case-by-case."). The key question is whether the Village's fee is designed to defray the administrative costs associated with the licensing scheme in East Rockaway. Here, the undisputed evidence in the record demonstrates

4

that the Village's fee was not designed to defray the administrative costs and therefore, it is unconstitutional.[2]

We have considered the remainder of the Village's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] We interpret the district court's order entering a permanent injunction as applying to the Village's present Solicitation Fee found at §§ 171-3 and 171-5(A) of the Village Code, and we do not read the order as forever barring the Village from adopting a licensing fee if it were to actually undertake a process of estimating the administrative costs associated with its licensing scheme, relying on evidence rather than speculation or post-hoc justifications.