20-3769-pr
*Speed v. United States*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand twenty-two.

Present:     GUIDO CALABRESI,
             DENNY CHIN,
             WILLIAM J. NARDINI,
                 *Circuit Judges*.

_____

ROBERT SPEED,

                     *Petitioner-Appellant*,

          v.                                                    20-3769-pr

UNITED STATES OF AMERICA,

                     *Respondent-Appellee*.

_____

| | |
|---|---|
| For Petitioner-Appellant: | EDWARD S. ZAS, Federal Defenders of New York, Inc., New York, NY |
| For Respondent-Appellee: | JACOB H. GUTWILLIG, Assistant United States Attorney (Karl Metzner, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney, Southern District of New York, New York, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*) entered on October 27, 2020.

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Robert Speed appeals from a judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*) entered on October 27, 2020, denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Following a 2005 jury trial, Speed was convicted of the following offenses: racketeering in violation of 18 U.S.C. § 1962(c), the Racketeer Influenced and Corrupt Organizations ("RICO") Act (Count 1); racketeering conspiracy in violation of 18 U.S.C. § 1962(d) (Count 2); brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 3); possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 4); conspiracy to transport stolen goods in interstate commerce in violation of 18 U.S.C. § 371 (Count 5); interstate transportation of stolen property in violation 18 U.S.C. § 2314 (Count 6); and possession and sale of stolen property in violation of 18 U.S.C. § 2315 (Count 7). At trial, the district court instructed the jury that both Count 1's substantive racketeering charge and Count 2's racketeering conspiracy charge were crimes of violence that, if proven beyond a reasonable doubt, could serve as predicate offenses for Count 3's § 924(c) charge.

Subsequent to Speed's conviction, we held that RICO conspiracy is not a crime of violence that can serve as the predicate for a § 924(c) charge. *United States v. Capers*, 20 F.4th 105, 120 (2d Cir. 2021). Speed now seeks vacatur of his § 924(c) conviction and the corresponding portion of his sentence, on the ground that substantive RICO is likewise not a crime of violence and thus there remains no valid predicate offense for his § 924(c) charge. In the alternative, Speed argues that, even if his substantive RICO conviction is still a valid § 924(c) predicate, one cannot be sure that the jury based its guilty verdict as to Count 3 on the still-valid predicate (substantive RICO)

2

rather than the now-invalid predicate (RICO conspiracy), and thus his § 924(c) conviction must be vacated. We disagree, and thus affirm the judgment of the district court. We assume the parties' familiarity with the case.

## I.     Procedural Default

As an initial matter, the government argues that Speed's claim is procedurally defaulted. "Where a defendant has procedurally defaulted [on] a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). To demonstrate cause, a defendant must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," *Murray v. Carrier*, 477 U.S. 478, 488 (1986), such as that the claim was "so novel that its legal basis [was] not reasonably available to counsel," *Reed v. Ross*, 468 U.S. 1, 16 (1984). "The 'prejudice' requirement is met by establishing 'actual prejudice resulting from the errors of which [Petitioner] complains,'" *Gutierrez v. Smith*, 702 F.3d 103, 112 (2d Cir. 2012) (alteration in original) (quoting *United States v. Frady*, 456 U.S. 152, 168 (1982)), and the error "must have resulted in 'substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions.'" *Id.* (alteration in original) (quoting *Murray*, 477 U.S. at 494). In the context of an alleged instructional error, a petitioner must demonstrate that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," a showing that is "even greater than the showing required to establish plain error on direct appeal" and "requires that the degree of prejudice resulting from instruction error be evaluated in the total context of the events at trial." *Frady*, 456 U.S. at 166–69 (emphasis and internal quotation marks omitted).

Setting aside, for a moment, whether Speed has demonstrated cause, we note that whether Speed was prejudiced by the district court's instructional error depends on the answers to two

3

questions: First, was Speed's substantive RICO conviction a valid predicate crime of violence under § 924(c)(3)?  And second, even if the substantive RICO conviction was a valid predicate, has Speed demonstrated that a properly instructed jury would not have convicted him of violating § 924(c) based on that predicate alone?  The prejudice inquiry and any determination of the merits of Speed's petition therefore largely collapse into one another.  We take each question in turn.

### a.  Speed's substantive RICO conviction as a crime of violence

As used in § 924(c), "a crime of violence is defined by statute as a felony that . . . 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'"  *Capers*, 20 F.4th at 116 (quoting 18 U.S.C. § 924(c)(3)(A)).  Speed's substantive RICO conviction remains a valid predicate for his § 924(c) conviction in light of our decision in *United States v. Laurent*, 33 F.4th 63, 87–89 (2d Cir. 2022).  As we explained, a substantive RICO conviction is itself a crime of violence "[i]f one of the two racketeering acts required for [the] substantive RICO violation [itself] conforms to the definition of a crime of violence."  *Id.* at 88.

Speed's substantive RICO conviction was "predicated on at least one crime of violence," *id.* at 89—namely, six state law robberies, all of which the jury found proven beyond a reasonable doubt.  Five of the predicate robberies were charged under New York Penal Law § 160.10 and one was charged under New Jersey Code of Criminal Justice § 2C:15-1.  Consideration of the New Jersey robbery alone—which, as we note below, involved Speed brandishing a firearm—is sufficient to affirm Speed's conviction.  The New Jersey law provides:

> a. Robbery defined.  A person is guilty of robbery if, in the course of committing a theft, he:
> (1) Inflicts bodily injury or uses force upon another; or
> (2) Threatens another with or purposely puts him in fear of immediate bodily injury; or
> (3) Commits or threatens immediately to commit any crime of the first or second degree.

4

N.J. Stat. Ann. § 2C:15-1. This statute "is divisible, defining several distinct offenses, most of which would constitute 'crimes of violence' . . . but at least one of which would not." *United States v. Moreno*, 821 F.3d 223, 228 (2d Cir. 2016). We therefore apply the modified categorical approach and reference "specific categories of 'adequate judicial record evidence,'" to determine which subsection Speed was convicted of violating and whether that subsection defines a crime of violence. *Id.* at 227 (quoting *Shepard v. United States*, 544 U.S. 13, 20 (2005)). With respect to the New Jersey robbery, the district court instructed the jury that

> the government is required to prove each of the following elements beyond a reasonable doubt: One, that the defendant was in the course of committing a theft, two, that while in the course of committing that theft, the defendant did one of the following two things, inflicted bodily injury upon another person, or, threatened another person with or purposely put another in fear of immediate bodily injury.

App'x at 392. It is therefore apparent that when the jury found this racketeering act proven beyond a reasonable doubt, it concluded that Speed had violated either subsection (a)(1) or (a)(2) of the New Jersey statute, offenses that clearly "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A)); *see United States v. McCants*, 952 F.3d 416, 428 (3d Cir. 2020) (holding that subsection (a)(2) is a crime of violence within the meaning of U.S.S.G. § 4B1.2(a)(1)'s elements clause). Speed's substantive RICO conviction was therefore predicated on at least one crime of violence and was itself a crime of violence under *Laurent*.

### b. Prejudice

Speed next argues that, even if his substantive RICO conviction remains a valid predicate crime of violence, the district court erred by instructing the jury that both the substantive RICO and RICO conspiracy charges could serve as predicate crimes of violence. Speed further contends that the jury's general verdict does not establish which potential predicate—the still-valid substantive RICO charge or the now-invalid RICO conspiracy charge—supports the § 924(c)

5

conviction. "The Supreme Court has held that '[a] conviction based on a general verdict is subject to challenge if the jury was instructed on alternative theories of guilt and may have relied on an invalid one.'" *Stone v. United States*, 37 F.4th 825, 829 (2d Cir. 2022) (alteration in original) (quoting *Hedgpeth v. Pulido*, 555 U.S. 57, 58 (2008)). The district court's jury instruction constituted a so-called "*Yates* error." *See id.* (citing *Yates v. United States*, 354 U.S. 298, 312 (1957) (holding that there is constitutional error when two different theories are submitted to a jury that returns a general verdict of guilty and at least one of the theories was legally insufficient)). Therefore, the crucial question is whether Speed was prejudiced by the district court's incorrect instruction.

Although Speed acknowledges that "[t]he usual methodology for determining whether the harmlessness of a constitutional trial error is established with the requisite degree of certainty is to examine the record as a whole to determine if a rational jury, absent the error, would have arrived at the same verdict," *id.* (internal quotation marks omitted), he nonetheless argues for application of the categorical approach to resolve the question of harmlessness. We rejected this argument in *Stone*, "declin[ing] to import the categorical method to a determination of prejudice upon a § 924(c) conviction predicated in part on an invalid crime of violence." *Id.* at 831. Instead, we "review[ed] the whole record" to determine whether a properly instructed jury would have convicted the defendant absent the *Yates* error. *Id.*

A review of the record below confirms that a properly instructed jury would have convicted Speed on the § 924(c) brandishing charge. Speed's co-conspirator testified at trial not only that Speed brought a gun to several of the robberies charged as predicate racketeering acts but specifically that, during the New Jersey robbery, Speed "put the gun to [a robbery victim] and told

her be quiet." [1]  Trial Tr. 299:8–9.  The jury specifically found both that the New Jersey racketeering act had been proven (in returning its verdict on the substantive RICO count), and that Speed brandished the gun (in returning its verdict on the § 924(c) count).  The findings make clear that, even if the jury had been instructed that the substantive RICO charge was the only charged predicate, it likely would have still convicted Speed of brandishing a gun in connection with the substantive RICO count, as charged in the § 924(c) offense.  Accordingly, Speed was not prejudiced by the district court's instructional error and is therefore not entitled to vacatur of his § 924(c) conviction.  Because Speed was not prejudiced by the district court's error, his claim is procedurally defaulted and, in any event, would fail on its merits.

\* \* \*

We have considered Speed's remaining arguments and conclude that they are not persuasive.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

[1] For the first time in reply, Speed argues that a properly instructed jury would not have convicted him of the brandishing charge because venue would not have been proper in the Southern District of New York.  We decline to consider arguments raised on appeal for the first time in a reply brief.  *See Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 305 n.2 (2d Cir. 2020).