*Greater N.Y. Mut. Ins. Co. v. Burlington Ins. Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand twenty-four.

PRESENT:
> GUIDO CALABRESI,
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

Greater New York Mutual Insurance Company,

> *Plaintiff-Appellee*,

> v.                                                    23-892

The Burlington Insurance Company,

> *Defendant-Appellee,*

> v.

Scottsdale Insurance Company,

> *Defendant-Appellant.*[*]

_____

---

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

**FOR DEFENDANT-APPELLANT:** ANN ODELSON, Kennedys Law LLP, New York, NY.

**FOR PLAINTIFF-APPELLEE:** MICHAEL S. CHUVEN, Kinney Lisovicz Reilly & Wolff P.C., Parsippany, NJ.

**FOR DEFENDANT-APPELLEE:** YALE H. GLAZER, Lazare Potter Giacovas & Moyle LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellee Greater New York Mutual Insurance Co. ("GNY") brought a Declaratory Judgment Act action against Defendant-Appellant Scottsdale Insurance Co. ("Scottsdale") and Defendant-Appellee The Burlington Insurance Co. ("Burlington"), claiming that they owed duties to defend and indemnify GNY's insured, Park City 3 and 4 Apartments, Inc. ("Park City"), in an underlying New York state court action. Only GNY's claims against Scottsdale are at issue in this appeal.

A contract between Park City and Scottsdale's insured, Phoenix Bridging, Inc. ("Bridging"), establishes Scottsdale's obligation to defend Park City in the underlying action as an additional insured on Bridging's policies. In the underlying action for negligence against Park City and Bridging, Park City brought cross-claims against Bridging for breach of contract for failing to designate Park City as an additional insured. But no party could produce the contract. The state court determined that the contract did not exist and entered summary judgment against Park City on its claims.

2

The contract was later discovered, and GNY brought this case. The district court determined that it was not bound by the state court's decision and granted summary judgment for GNY on its duty-to-defend claim against Scottsdale. Scottsdale now appeals. We assume the parties' familiarity with the remaining underlying facts, procedural history of the case, and issues on appeal.

We review a district court's grant of summary judgment de novo. *See Ins. Co. of Penn. v. Equitas Ins. Ltd.*, 68 F.4th 774, 779 (2d Cir. 2023).

Scottsdale presents three arguments on appeal. First, it argues that GNY's claim is time-barred because GNY sent a tender letter to Scottsdale in November 2013 seeking a defense for Park City, which Scottsdale rejected in 2014. According to Scottsdale, the six-year statute of limitations thus expired in 2020, before GNY brought its claim in 2022. But under New York law, an action for breach of the duty to defend does not accrue until the underlying action has concluded "and the insurer can no longer defend the insured even if it chooses to do so." *Ghaly v. First Am. Title Ins. Co. of N.Y.*, 644 N.Y.S.2d 770, 771 (2d Dep't 1996). The underlying action has not concluded, so GNY's claim is timely.

Second, Scottsdale argues that the district court was bound by the state court's determination that no contract existed between Park City and Bridging. Its legal theory for this argument is unclear. But it most closely resembles a claim that collateral estoppel bars GNY from relitigating the existence of the contract. Under New York Law "[c]ollateral estoppel comes into play when four conditions are fulfilled: (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Conason v. Megan Holding, LLC*, 25 N.Y.3d

3

1, 17 (2015) (internal quotation marks omitted).  In its reply brief, Scottsdale for the first time makes the argument that GNY had a full and fair opportunity to litigate the issue of the existence of the contract in the underlying proceeding—even though GNY was not a party to that proceeding—because GNY is in privity with Park City.  But "[i]t is well settled that arguments not presented to the district court are considered waived or forfeited and generally will not be considered for the first time on appeal." *United States v. Gomez*, 877 F.3d 76, 94-95 (2d Cir. 2017) (cleaned up).  And in any event, "[w]e need not address this argument because it was raised on appeal for the first time in [a] reply brief and is therefore wa[i]ved." *Pettaway v. Nat. Recovery Sols., LLC*, 955 F.3d 299, 305 n.2 (2d Cir. 2020).

Third, Scottsdale argues that if it does have a duty to defend, that duty was not triggered until the contract was produced in a motion to reopen summary judgment against Park City in the underlying action, on April 13, 2022.  An insurer's duty to defend is triggered "when it has actual knowledge of facts establishing a reasonable possibility of coverage." *Fitzpatrick v. Am. Honda Motor Co.*, 78 N.Y.2d 61, 67 (1991).  Here, that duty was triggered by GNY's November 26, 2013 letter to Park City, which disclosed the basis for the underlying action and stated that a contract existed between Park City and Bridging that made Park City an additional insured on Bridging's policy with Scottsdale.  That is true even though GNY did not produce the contract when it sent that letter. *See Federated Dep't Stores, Inc. v. Twin City Fire Ins. Co.*, 807 N.Y.S.2d 62, 66 (1st Dep't 2006).

* * *

We have considered the remainder of Scottsdale's arguments and find them to be without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4