Kent Ave. Prop. 3, LLC v Allied World Natl. Assur. Co. (2024 NY Slip Op 03086)

Kent Ave. Prop. 3, LLC v Allied World Natl. Assur. Co.

2024 NY Slip Op 03086

Decided on June 06, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2024

Before: Webber, J.P., Oing, Kapnick, Rosado, Michael, JJ. 

Index No. 814800/21 Appeal No. 2448 Case No. 2023-05552 

[*1]Kent Avenue Property 3, LLC, et al., Plaintiffs-Appellants,
v
Allied World National Assurance Company, Defendant-Respondent, Scottsdale Insurance Company, Defendant.

Delahunt Law PLLC, Buffalo (Timothy E. Delahunt of counsel), for appellants.
Fleischner Potash LLP, New York (Alexandra E. Rigney of counsel), for respondent.

Order, Supreme Court, Bronx County (Fidel E. Gomez, J.), entered May 30, 2023, which denied plaintiffs' cross-motion for summary judgment declaring that defendant Allied World National Assurance Company (Allied) is obligated to defend and indemnify plaintiffs, granted Allied's motion to dismiss the complaint as against it, and, upon a search of the record, dismissed the complaint in its entirety, unanimously affirmed, with costs.
Supreme Court properly dismissed plaintiffs' complaint against Allied as time-barred because plaintiffs commenced this action eight years after Allied's disclaimer of insurance coverage (see Quality Bldg. Contr., Inc. v Illinois Union Ins. Co. , 2016 WL 4097847, 2016 US Dist LEXIS 101925 [SD NY 2016]). When Allied disclaimed in September 2013, plaintiffs "possessed sufficient information . . . to formulate the factual basis for [the] assertion" that the disclaimer was untimely under Insurance Law § 3420(d)(2), and thus, the statute of limitations began to run (2016 WL 4097847, *5, 2016 US Dist LEXIS 101925, *14; see also Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex. , 87 NY2d 34, 43 [1995]). Accordingly, plaintiffs' action commenced on October 29, 2021 is time-barred under the six-year (CPLR 213[1]) statute of limitations.
Ghaly v First Am. Tit. Ins. Co. of N.Y. (228 AD2d 551 [2d Dept 1996]), on which plaintiffs rely, is distinguishable because plaintiffs do not assert that Allied breached any contractual duty to indemnify or defend under the insurance policy, which precludes application of the six-year (CPLR 213[2]) statute of limitations.
Furthermore, Supreme Court properly searched the record and dismissed the complaint against the remaining defendant Scottsdale Insurance Company since the claims were similarly time-barred.
In view of the foregoing, the court properly denied plaintiffs' cross-motion for summary judgment as moot.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2024