Filed 09/02/25

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-02255

---

Vermont Human Rights Commission v. Vermont Department of Human Resources

---

<u>Supplemental Opinion and Order on Motion to Dismiss</u>

In this action under the Vermont Fair Employment Practices Act, 21 V.S.A. § 495 et seq. FEPA"), Plaintiff Vermont Human Rights Commission ("HRC") alleges that Defendant Vermont Department of Human Resources ("DHR") engaged in discriminatory conduct toward Danielle Fuoco and the class of State employees similarly situated to Ms. Fuoco over a number of years. On April 28, 2025, the Court denied DHR's motion to dismiss as to standing and FEPA claims. In that order, the Court requested additional briefing as to the feasibility of joinder of the VSEA, to assist it in reaching a decision on DHR's motion to dismiss for failure to join a party. V.R.C.P. 12(b)(7).

In the April 28, 2025 order, the Court concluded that in the event of an injunction against implementation of the paid leave policy, if the VSEA is not joined in this action, the VSEA or its members would not be precluded from enforcing DHR's obligations under the collective bargaining agreement (CBA), which would be inconsistent with DHR's obligations pursuant to an injunction. Therefore, the Court concluded, the VSEA is a necessary party as to the current CBA. The Court further concluded that the VSEA is not a necessary party as to the damages claims not falling under the current CBA.

DHR contends that if HRC's theories are correct, both DHR and HRC have claims against the VSEA. DHR asserts that its claims against the Union as a third-party

defendant would lie "under both 21 V.S.A. § 495b and the underlying collective bargaining agreements." Defendant's Supplemental Submission at 3. It also argues that "if the personal leave incentive was problematic, the Union would be jointly and severally liable with Defendant to Ms. Fuoco for its adoption and application." *Id.*

HRC attaches an amended complaint to its supplemental briefing. *See* Exh. A (Amended Complaint) and Exh. B (redlined amended complaint). The Amended Complaint deletes DHR's requests for declaratory relief and injunctive relief. The remaining requests for relief include damages (including restitution of wages or other benefits) to Fuoco and similarly situated individuals, civil penalties under FEPA, and costs and attorneys' fees.

HRC then argues that in the absence of claims for injunctive and declaratory relief, joinder of the VSEA is not necessary because the only remaining claims are for money damages for the discriminatory impact of policies that stem from terms in the CBA. The Court previously stated that it did "not perceive how allowing damages against the State for *past* acts of discrimination *under a prior agreement* would have an impact on the union at this juncture." *Vermont Human Rights Commission v. Vermont Department of Human Resources*, 24-CV-02255, slip op. at 12–13 (Vt. Super Ct. April 28, 2025) (emphasis added).

HRC notes that "[i]n any event, the current collective bargaining agreement, attached to DHR's motion to dismiss, will become the next past CBA on July 1, 2026, and, therefore, an appropriate subject for recovery of damages and restitution in this case." Plaintiff's Supplemental Memorandum on the Feasibility of Joining VSEA as a Necessary Party in this Action at 3. Although HRC does not develop this argument more

deeply, the implication is that because the current agreement will become "the next past CBA" next year, VSEA is not a necessary party with regard to claims for monetary damages resulting from the current policy in question. The HRC also indicates what appears to be its desire to move past the initial procedural hurdles and proceed with the litigation.

Though not free from doubt, the Court construes the amended complaint with that purpose in mind and to request monetary damages only for alleged discrimination that occurred as the result of the paid leave policy that resulted from past CBAs, not from the current CBA.[1] As to those claims, as the Court previously decided, the VSEA is not a necessary party. This narrow reading of the amended complaint will allow the case to move forward toward a consideration of the merits of the claims rather than remaining mired in untested and uncertain procedural standards.

Because the VSEA is not a necessary party with regard to any claims that remain in the amended complaint, the remaining issue of dismissal under Vt. R. Civ. P. 12(b)(7) is now moot.[2]

---

[1] Given the submission of the amended complaint and the Court's prior order, the legal briefing as to whatever the remaining issues may be also somewhat inconsistent and disjointed. If HRC wishes to request damages resulting from the current CBA, of course, it may still seek to file an amended complaint making that claim expressly. In that event, the particular and narrow legal question can be fully briefed and addressed by the parties in the context and at the time raised.

[2] In any event, the Court also determines that whatever might remain of the original motion to dismiss is moot in light of the amended complaint. While the Court has discretion to analyze an existing motion to dismiss in light of an amended complaint, the Court does not exercise that discretion here. *See Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020).

<u>Conclusion</u>

Given the above, DHR's motion to dismiss under Vt. R. Civ. P. 12(b)(7) is moot. The amended complaint shall be served, and Defendant shall respond per the Civil Rules.

Electronically signed on Thursday, August 28, 2025, per V.R.E.F. 9(d).

Timothy B. Tomasi
Superior Court Judge